IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**JOHN BRADLEY, ET AL**                                                               **PLAINTIFF**

**VERSUS**                                           **CIVIL ACTION NO. 2:04cv360JMR-JMR**

**WAL-MART STORES, INC**                                               **DEFENDANT**

## MEMORANDUM OPINION

     This cause comes before the Court on the motion of the defendant, Wal-Mart Stores, Inc. [Wal-Mart] for partial summary judgment [43-1] on claims concerning the punitive damages against Wal-Mart in failing provide safety features to secure the television on the shelf, violating of Wal-Mart policy concerning the manner which the television was facing, for failing rope off warn Plaintiff of the alleged dangerous condition and in failing to maintain their aisles in a safe condition, for failing to provide a spotter when the television was moved, for having an employee stand on a shelf to move the television which allegedly caused John Bradley to be struck by a television contained in a cardboard box pursuant to Rule 56 of the Federal Rules of Civil Procedure. After due consideration of the evidence of record, the briefs of counsel, the applicable law and being otherwise fully advised in the premises, the Court finds as follows.

### Standard of Review

     A grant of summary judgment is appropriate when, viewed in the light most favorable to the nonmoving party ". . . the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact . . ." FED. R.CIV. P. 56(c). The moving party initially carries the burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).

Materiality connotes disputes over facts which might affect the outcome of the case under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). Further, ". . . summary judgment will not lie if the dispute about a material fact is `genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

The moving party bears the initial burden of establishing the absence of evidence to support the nonmovant's cause of action. *Celotex,* 477 U.S. at 325; *Hirras v. National R.R. Passenger Corp.,* 95 F.3d 396, 399 (5th Cir. 1996). Should this burden be met by the moving party, the nonmoving party then must establish sufficient facts beyond the pleadings to show that summary judgment is inappropriate. *Exxon Corp. v. Burglin,* 4 F.3d 1294, 1297 (5th Cir. 1993). The Court examines applicable substantive law to determine which facts and issues are material. *King v. Chide*, 974 F.2d 653, 655-56 (5th Cir. 1992). The nonmoving party must oppose the summary judgment motion either by referring to evidentiary material already in the record or by submitting additional evidentiary documents which set out specific facts indicating the existence of a genuine issue for trial. FED.R.CIV.P. 56(e). If the opponent fails in his duty, after the Court has viewed the evidence in the light most favorable to the non movant, summary judgment is implicated. *Id.*; *Exxon*, 4 F.3d at 1297 Assertions unsupported by facts are insufficient to oppose a summary judgment motion., *Williams v. Weber Management Services,* 839 F.2d 1039 (5th Cir. 1987).

Statement of Facts

Plaintiff's Complaint [1-1] asserts that on August 4,2004 , John Bradley, deceased, and his wife Mary Bradley, were shopping at the Wal-Mart Supercenter in Laurel, Mississippi. John Bradley was riding a motorized scooter in the electronic area when he was allegedly struck by a cardboard box containing a television that had fallen off of the shelf . ( Def's Partial Summ Mot.) Plaintiff contends that the accident in question was caused by the reckless acts of its employees,

Richard Cloyd and Joan Saul in that there were no safety features or devices which stabilized or secured the television or prevented the television from being pushed or dislodged from the shelf and they were standing or kneeling on the shelf in question in placing the televisions. Plaintiff further contends that Wal-Mart's employees failed situate the television properly on the shelf in compliance with company policy. Further, Plaintiff contends Wal-Mart failed to restrict customer access or provide a spotter while the televisions were being arranged. Wal-Mart alleges that this case involves nothing more then an alleged negligent act .There is no evidence that any Wal-Mart employee intentionally hit Plaintiff. There is no question that Mary Bradley testified that no Wal-Mart employee intended to push the television off the shelf . The sole issue is whether the employees conduct was so reckless it rose to the level of reckless disregard to for the safety of others.

## Conclusions of Law

Under Mississippi law, merely proving the occurrence of an accident on a business premises is insufficient to prove liability; rather the plaintiffs must demonstrate that the operator of the business is negligent. *Lindsey v. Sears, Roebuck, and Company,* 16 F.3d 616,618 (5th Cir. 1994) citing *Sears, Roebuck and Company* v. *Tisdale*, 185 So.2d 916,917 (Miss.1966). The owner or occupant of a business is not the insurer against all injuries. *Jerry Lee's Grocery Inc. v. Thompson,* 528 So.2d 293,295 (Miss.1988); *Taylor v. Biloxi Regional Medical Center*,737 So. 2d 435,437 (Miss. App. 1999); *Drennan v. Kroger*, 672 So.2d 1168,1170 (Miss.1996) . However, the owner of a business premises owes a duty to exercise reasonable care and to keep its premises in a reasonably safe condition, and if the operator is aware of a dangerous condition, which is not readily apparent to the invitee, he is under a duty to warn of the invitee of the condition..*Fulton v. Robinson Industries, Inc*. 664 So2. 170,175 (Miss. 1995); *Breeland v. Gulfside Casino Partnership*, 736 So.2d

446,448-449(Miss.App.1999);   *Waller v. Dixie Land Food Stores* 492 So.2d 284 (Miss.1986).A plaintiff can establish that a business operator was negligent by showing that the business operator caused the dangerous condition., *Booth v. Wal-Mart, Stores, Inc.* 75 F. Supp.2d 544 (S.D.Miss. 1999) When a dangerous condition is caused by the operator's own negligence, no knowledge of its existence needs to be shown by the plaintiffs for liability to attach.

The accident, by itself, is not sufficient to prove that a dangerous condition existed at the time of the accident. *Evans* v. *United States*, 824 F. Supp.93,97 (S.D.Miss. 1993) ; *Taylor*, 737 So.2d at 437. In order to establish a claim of negligence, it must appear that the offending defendant violated some duty to the plaintiff. *J.C.Penney,Co. v. Sumrall* , 318 So.2d 829,832 (Miss.1975). An invitee is still required to use in the interest of his own safety that degree of care and prudence which a person of ordinary intelligence would exercise under the same or similar circumstances. *Taylor*, 737 So.2d at 437 citing *Fulton v. Robinson Industries, Inc,* 664 So.2d 170,175 (Miss. 1995); *Breeland v. Gulfside Casino Partners,* 735 So.2d 446,449 (Miss. App.1999).

In order for the Plaintiff to recover in their case, they must prove either that some negligent act of the Defendant caused a dangerous condition, or if a dangerous condition was caused by a third person unconnected with the premises operation , that the defendant had either actual knowledge of the dangerous condition and failed to warn the Plaintiffs or the Defendant had constructive knowledge of the dangerous condition. *Munford* , 597 at 1284; *Downs v. Choo, 656 So.2d 84,86* (Miss, 1995).

Under §11-1-65 , the punitive damages statute in Mississippi, punitive damages may not be awarded if the plaintiff "does not prove by clear and convincing evidence that the defendant against whom punitive damages are sought acted with actual malice , gross negligence which evidences a willful , wanton or reckless disregard for the safety of others." The main issues which pertain to this

motion are whether the defendant was negligent or grossly negligent as defined by the statute in failing to utilize any safety device to keep the television on top of the riser and whether the defendant was negligent or grossly negligent in violating its own policy by placing the television incorrectly on the shelf, not roping off the aisle where the television fell, and having an employee, Richard Cloyd standing on a shelf with little space to move around while placing the television.

There is no question that Wal-Mart institutes safety procedures to insure the safety of their customers. Plaintiffs claim that Wal-Mart's employees were grossly negligent or acted in reckless disregard for the safety for their failure to follow the store's procedures and in store training. There is no Mississippi statute or precedent that finds that Wal-Mart procedures or policies define the legal standard of care which is under Mississippi law the reasonable man standard. Thus, this issue in this suit is whether Wal-Mart acted reasonably under the circumstances. Wal-Mart contends that Cloyd testified that he accidentally hit the television with his shoulder( Cloyd, Exhibit A to Defendant's Rebuttal,p.18) Plaintiffs have present no proof that Wal-Mart had any prior complaints concerning Cloyd knocking merchandise off the shelves or that Wal-Mart failed to train him or failed to have a policy regarding stacking of merchandise.

The Mississippi Supreme Court noted in *Choctaw Maid Farms v. Haley*, 822 So.2d 911,924(Miss.2002) that punitive damages requires a relation between the wrongful act and the harm that results from the wrongful act. If punitive damages is awarded, the Court must determine whether there is a reasonable relationship between the award and the defendant's conduct. In the pending matter, there is a question of fact as to whether the television in question made contact with Mr Bradley. Cloyd , a eyewitness, stated that the television hit the basket of the Wal-Mart scooter. ( Cloyd, Exhibit A to Defendant's Rebuttal , p.37) Cloyd, further, testified that Bradley "was shooken up by the incident but that he was not in pain or anything. He was okay."(Cloyd , Exhibit

A to Defendant's Rebuttal p.23)

Both Wal-Mart employees, Donna Mills and Joan Sauls who appeared immediately after the accident reflected that Mr. Bradley stated that he was fine after the accident and did not appear to have any physical injuries.(Mills, Exhibit B to Defendant's Rebuttal ,p.14, Saul Exhibit C to Defendant's Rebuttal, p. 19) Mills also testified that she observed Mr Bradley pushing a buggy on a return shopping trip later the same day as the accident . (Mills , Exhibit E to Defendant's Rebuttal, p. 44)  This subsequent shopping trip ratified store videotape.

Under §11-1-65, punitive damages may not be awarded unless the Plaintiff proves by clear and convincing evidence that the defendant against whom the punitive damages are sought acted with actual malice or gross negligence which evidences a willful, wanton or reckless disregard for the safety of others. This statute "absolutely forecloses vicarious liability for punitive damages" *Duggins v. Guardianship of Washington* , 632 So2d 420,423 (Miss.1993). The allegations and evidence presented in the Complaint in this matter and the evidence in plaintiffs' response address the actions of the individual personnel at the Wal-Mart store in question and do not address issues of company policy. As Wal-Mart cannot not be held vicariously liable for punitive damages concerning the individual actions of non policy making employees, plaintiffs' claims for punitive damages must be dismissed. The Court finds in accordance with Fifth Circuit precedent established in *In the Matter of P&E Boat Rental*, 872 F.2d 642,652 (5th Cir. 1989)  that:

> Punitive damages are imposed to punish the wrongdoer and deter others from engaging in similar conduct in the future. .. These objectives are not achieved When courts drop the punitive damage hammer on the principal for the wrongful acts of the simple agent or lower echelon ...punitive damages may not be imposed against a corporation when one or     more of its employees decides on his own to engage in malicious or outrageous conduct. In such a case, the corporation cannot be considered the wrongdoer. If the corporation formulated policies and directed its employees properly, no purpose would be served by imposing punitive damages against except to increase the

amount of the judgment.

Thus, this Court finds that Plaintiffs have not presented any evidence to indicate that Wal-Mart formulated any policies or directed its employees to push television off of shelves at customers. The Court further finds that only simple negligence in this case can only be attributed to the actions of Wal-Mart's employees. Thus, the allegations do not form the basis of a punitive damage claim and thus, Plaintiffs' claim for punitive damages should be dismissed as Plaintiffs have not demonstrated that there are any genuine issues of material fact which would indicate that Plaintiffs could prove by clear and convincing evidence that the defendant against whom the punitive damages are sought acted with actual malice or gross negligence which evidences a willful, wanton or reckless disregard for the safety of others.

Based on the foregoing, the Court finds that the defendant's Motion for Partial Summary Judgment [43-1 ] should be granted. Each party shall bear their respective costs in connection with these motions.

DATED this the 27th day of September, 2006.

                                                  s/John M. Roper
                                        UNITED STATES MAGISTRATE JUDGE